IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFFREY KREUTZ, <br><br> Plaintiff, <br><br> vs. <br><br> ORACLE AMERICA, INC. and ORACLE CORPORATION, <br><br> Defendant. | CV 12–57–BU–DLC <br><br> ORDER <br><br> FILED <br> JUL 2 2 2014 <br> Clerk, U.S. District Court <br> District Of Montana <br> Missoula |

On May 22, 2014, United States Magistrate Judge Richard Anderson entered his findings and recommendations on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment. Plaintiff Jeffrey Kreutz ("Kreutz") timely filed objections on June 5, 2014. Defendant Oracle America, Inc. and Oracle Corporation ("Oracle") responded to Plaintiff's objections on June 19th, 2014, but did not object to Judge Anderson's findings and recommendations.

Pursuant to 28 U.S.C. §636(b)(1)(C) the Court reviews *de novo* the specified findings or recommendations to which a party objects. The portion of the findings and recommendations not specifically objected to will be reviewed for

1

clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Anderson's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will only be briefly restated here.

## Background

RightNow Technologies ("RightNow"), was a technology corporation based in Bozeman, Montana. Kreutz went to work for RightNow in 2004 as Product Manager and was promoted to Vice President, Product Development, Operations on January 23, 2008.

Upon promotion to Vice President, Kreutz entered into a hire letter on January 23, 2008, which contained the following provisions:

> Termination of Employment following a Change in Control: . . . you will receive the following benefits if . . . your employment with the Company (or any successor company or affiliated entity with which you are then employed) is terminated by you for Good Reason within twelve months following the date of a Change in Control of the Company:
>
> (i) acceleration of 100% of your then unvested stock options in connection with the attendant stock option award, and all stock option awards made after the date of this letter, and subject to the terms and conditions of each such stock option agreement that is executed by you and the Company; and

> > (ii) 6 month's salary continuation at your then current on target earnings (OTE).

(Doc. 62 at 2).

"Good Reason" is defined, in pertinent part, as:

> . . . the occurrence of any of the following events following a Change in Control . . . :
>
> 1. the assignment to you of employment duties or responsibilities which are not substantially comparable in responsibility and status to the employment duties and responsibilities you held immediately prior to the Change in Control.
> 2. a reduction in your base salary as in effect immediately prior to the Change in Control or as the same may be increased from time to time during the term of this Agreement;

(*Id.* at 2).

Oracle Corporation acquired RightNow on January 25, 2012. On the same date, there was a change in control when RightNow became a wholly-owned subsidiary of Oracle. Following the change in control, certain changes were made with respect to Kreutz's job responsibilities, including a change to Kreutz's job title. On February 13, 2012, Kreutz notified Oracle that he was involuntarily terminating his employment for "Good Reason," contending that the change in his duties and responsibilities entitled him to the severance benefits under the

3

RightNow hire letter. Kreutz thereafter filed his claim for severance benefits through a letter submitted to Oracle. Oracle eventually denied the claim.

Kreutz then sued Oracle for breach of contract and breach of good faith and fair dealing. Kreutz moves for summary judgment on these claims and Oracle moves for partial summary judgment on any claim for breach of contract based on salary reduction. Judge Anderson recommended denying the motions.

Kreutz objects to Judge Anderson's findings and asserts that after the change in control his responsibilities were reduced, employees were removed from his supervision, his authority over budget and staffing was diminished, and, as a result, his position was not substantially comparable to the position he held at RightNow. Kreutz asserts that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Kreutz also asserts that Oracle breached the covenant of good faith and fair dealing by requiring him to sign an arbitration agreement and dishonestly handling his severance claim. He asserts that he is entitled to judgment as a matter of law on this issue as well.

Oracle contends genuine factual disputes preclude summary judgment on both claims.

## Summary Judgment Standard

Summary judgment is proper if the moving party demonstrates "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

## I. Plaintiff's Objections

Kreutz raises five separate objections to Judge Anderson's recommendation that summary judgment be denied. While Kreutz's objections are interrelated and overlap considerably, the Court will review each of these objections individually.

**1. Timing of the Removal of Upgrade and Engineering Team.**

Judge Anderson found that a material dispute of fact existed regarding the

timing of the removal of the upgrade and engineering team from Kruetz's duties. Kreutz acknowledges in his objections that there is a dispute about the timing and reason for the removal of this team from his responsibilities, but contends that this dispute is immaterial in light of the other changes to his duties and responsibilities.

The Court disagrees. Whether Kreutz's job before and after the change in control was "substantially comparable" depends, in part, on whether the changes to Kreutz's duties include the removal of the upgrade and engineering team from Kreutz's responsibilities. Thus, the timing and reason for this change is a material fact issue. Kreutz's first objection is overruled.

## 2. Permanence of Changes to Kreutz's Employment

Kreutz contends that it is immaterial whether the changes to his position were temporary. Kreutz also contends that the hire letter is unambiguous and entitles Kruetz to severance benefits whenever there is a substantial change in job duties, regardless of the temporary nature of the changes.

The Court disagrees. First, Oracle provides evidence that many of the changes to Kreutz's duties and responsibilities were temporary. Second, the hire letter's key language triggering entitlement to severance benefits, "substantially comparable," is ambiguous. The "substantially comparable" standard leaves room for different interpretations, including detailed comparisons over how various

changes to Kreutz's responsibilities and duties affect the overall position. These factual interpretations require further inquiry and must be resolved by the trier of fact. *Blackfeet Tribe of Blackfeet Indian Reserv. v. Blaze Constr. Inc.*, 108 F. Supp. 2d 1122, 1135 (D. Mont. 2000), *Klawitter v. Dettmann*, 886 P.2d 416, 420 (Mont. 1994). Accordingly, Kreutz's second objection is overruled.

### 3. Kreutz's Assigned Employment Responsibilities and Duties

Judge Anderson determined that there is a material dispute of fact whether the changes in Kreutz's duties and responsibilities constituted a substantial change. Kreutz argues that he is entitled to summary judgment because the facts demonstrate he was assigned duties and responsibilities that were not substantially comparable in responsibility and status to his prior position. Oracle argues that none of the changes made to Kreutz's position are substantial and that each of the changes represent duties and responsibilities largely similar to those Kreutz held at RightNow.

Kreutz contends that his employment responsibilities and duties changed in the following respects: (1) the documentation team he managed at RightNow was removed from his duties; (2) Kreutz's budget and staff management authority was suspended; (3) the upgrade and engineering team was removed from his duties; (4) Oracle added a team of quality assurance engineers; and (5) Oracle changed his

7

job title.

Oracle responds that the position offered to Kreutz was substantially comparable to his prior position at RightNow. Specifically, Oracle disputes each issue raised by Kreutz as follows: (1) the documentation team responsibilities were removed, but Oracle added a larger team of quality assurance engineers to his duties; (2) Kruetz's budget and staff management duties were only temporarily frozen during the integration period; (3) removal of the upgrade and engineering teams occurred prior to change in control and at Kreutz's request; (4) the team of quality assurance engineers actually increased Kreutz's responsibility; (5) Kreutz's title at Oracle, Vice President, Quality Assurance, denotes a status equal to his former position at RightNow.

Kreutz cites to two appeals court cases to support his position: *Sluimer v. Verity, Inc.*, 606 F.3d 584, 593 (9th Cir. 2010), and *Dabertin v. HCR Manor Care, Inc.*, 373 F.3d 822, 828-29 (7th Cir. 2004). Both of these cases are similar to this case as they involved an employee seeking contract severance benefits arising upon a change in control. In both cases, the Court granted summary judgment in the employee's favor. However, the cases are distinguishable from this case in important respects. First, in both cases, the employee's reduction in duties and scope of work was either largely or entirely undisputed by the opposing parties.

8

Second, the employee's reduction or changes in duties in each case were substantially greater than those claimed by Kreutz in this case.

In *Sluimer*, the appeals court found there was no place in the record where the defendants disputed any part of the employee's claims regarding the reduction to the employee's duties and scope of work. *Sluimer* at 593. Furthermore, the undisputed reductions in employment duties and scope included a cut from management of 100 employees to 15 employees and a $45,000,000 cut in revenue responsibility. *Id.* at 593.

Similarly in *Dabertin*, reductions at change in control to Dabertin's responsibilities were considerable and largely undisputed. *Dabertin* at 828. The undisputed reductions to Dabertin's duties included: removal of an entire division from her authority, removal of significant authority in another division, her independent spending authority was reduced from $6 million to zero, and many other managerial reductions. *Id.* at 828.

The employees in these cases prevailed because the record did not contain material disputes of fact. Such is not the case here.

Here, Oracle contests nearly every factual contention made by Kreutz. Additionally, there are significant differences in the comparison of employment duty reductions between Kruetz and the cited cases. Because genuine disputes

regarding material facts remain, summary judgment on Kreutz's breach of contract claim is inappropriate. Kreutz's objection is overruled.

**4. Genuine Dispute of Material Fact**

Kreutz makes a general objection to Judge Anderson's conclusion that summary judgment is inappropriate in this case. Kreutz simply restates and summarizes the specific objections he has already made. This general objection is resolved by the Court's rulings with respect to Objections 1, 2, and 3 above. Kreutz's general objection is overruled.

**5. Covenant of Good Faith and Fair Dealing**

Kreutz contends he is entitled to summary judgment on his claim for breach of the covenant of good faith and fair dealing. Kreutz claims that Oracle's conduct fell short of reasonable standards of dealing when it required him to sign an arbitration agreement and did not properly respond to his severance claim. The Court agrees with Judge Anderson that summary judgment on this claim is inappropriate.

Kreutz contends that in order for his employment to commence at Oracle he was wrongfully required to sign an agreement to arbitrate any employment claims against Oracle. Kreutz claims that his contract at RightNow did not require arbitration and asserts Oracle intended to use the arbitration agreement to deprive

him of his right to severance benefits. Kreutz also claims Oracle was unreasonable when it failed to respond to his severance request for 7 months.

Oracle does not deny that it asked Kreutz to sign an arbitration agreement as part of the corporation's "standard employment agreements and forms," but contends that this procedure is a lawful requirement applied to all employees which cannot form the basis of a breach of covenant of good faith and fair dealing claim. (Doc. 64 at 15.) Oracle has also shown evidence that the delayed response to Kreutz's severance claim arose from the overwhelming work created by the merger. (Doc. 56 at ¶ 15.)

The Court finds that there is a genuine dispute of fact whether Oracle's conduct regarding the arbitration request and the delay on Kruetz's severance claim accord with reasonable commercial standards. Whether Oracle has acted "to deprive [Kreutz] of the benefits of his contract through dishonesty or abuse of discretion" *Phelps v. Frampton*, 170 P.3d 474, 482 (Mont. 2007), or acted in accordance with reasonable commercial standards remains a genuine dispute of fact. Accordingly, summary judgment on this claim is inappropriate.

## II. Oracle's request for partial summary judgment.

Neither Oracle nor Kreutz object to Judge Anderson's recommendation that Oracle's motion for partial summary judgment be denied. The Court therefore

reviews this portion of the Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error in Judge Anderson's recommendation that Oracle's motion for partial summary judgment should be denied. Because a claim based on a salary reduction does not appear in the Complaint, summary judgment is premature.

IT IS ORDERED that:

(1) Judge Anderson's findings and recommendation (Doc. 62) are ADOPTED in full.

(2) Kreutz's motion for summary judgment (Doc. 37) is DENIED.

(3) Oracle's motion for partial summary judgment (Doc. 41) is DENIED.

Dated this 22nd day of July, 2014.

Dana L. Christensen, Chief Judge
United States District Court